UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DESMOND V. GAYLE,

        Plaintiff

       v.

UNITED STATES POST OFFICE
(PERSON) POSTAL SERVICE,
MANAGER

        Defendant

CIVIL NO. 1:01-CV-0110

(Judge Caldwell)

FILED
HAR
JUN 14 2001
MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

## M E M O R A N D U M

I.    Introduction.

The pro se plaintiff, Desmond V. Gayle, an inmate confined at the York County Prison, York, Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. He has been granted in forma pauperis status. The sole defendant in this action is the unidentified "manager" of the United States Postal Service. Also pending are motions filed by Gayle to obtain proof of documents and for appointment of counsel.[1]

---

[1] Gayle has also filed two letters with the court (docs. 8 and 9) in which he asserts additional problems with the delivery of his nonlegal correspondence. However, upon review, we have determined that these letters fail to support a finding of a violation of Gayle's First Amendment rights nor do they factually or otherwise bolster claims asserted in his complaint.

Certified from the record
Date 6-14-0
Mary E. D'Andrea, Clerk
Per George J. Gardner

For the reasons outlined below, the court will construe the action as a <u>Bivens</u>-type civil rights suit[2] and dismiss this action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[3] We will also deny the Plaintiff's pending motions as moot.

II.     <u>Background</u>.

The sole defendant named by Gayle is "the official in charge" or "manager" of the United States Postal Service in Lancaster, Pennsylvania. The sole basis of the complaint is plaintiff's contention that the unidentified "defendant" "continuously" returned his "mails" addressed to the court. (Complaint, § IV, ¶ 3). Gayle claims the mail the Defendant returned was mail addressed to the United States District Court in Harrisburg requesting a civil rights form. (<u>Id</u>.). Gayle requests the court to "intervene" and "investigate" this matter as will as

---

[2] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

[3] Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

order the Defendant to pay three million dollars to "compensate" him.

III.     Discussion.

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not be issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit . . . ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The right implicated by plaintiff's allegations is his right of access to the courts. To state a claim for denial of access to the courts a prisoner must demonstrate actual injury. Lewis v. Casey, 518 U.S. 343, 349 (1996); Bounds v. Smith, 430 U.S. 817, 828 (1977). Actual injury is established by showing that litigation such as a direct appeal from conviction, a habeas petition or a civil rights action was frustrated or impeded and that the thwarted action was nonfrivolous. Lewis, 518 U.S. 353-54.

To assert an actionable civil rights claim, Plaintiff

-3-

must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A Bivens action for monetary damages may not be asserted against a federal official acting in his official capacity, or a federal agency. See FDIC v. Meyer, 510 U.S. 471, 484 (1994).

In Gayle's complaint, he names the "Manager" of the United States Post Office in Lancaster as the sole defendant. Although Gayle does not specify, he appears to being suing this individual in his or her official capacity.[4] For this reason alone, Gayle's claim may be dismissed. Meyers, supra, 510 U.S. at 484.

In any event, a more fundamental ground exists for the dismissal of Gayle's complaint as frivolous. Even taking as true the allegations the Plaintiff sets forth in his complaint, the claimed deprivation simply does not implicate any violation of the Constitution. The returned mail consisted of a request to the Clerk of Courts for a civil rights complaint form. (Doc. 1, ¶ 3). Gayle does not assert that he has been prevented from initiating a nonfrivolous lawsuit[5], or had a complaint or appeal dismissed on

---

[4] Specifically, Gayle names "the official in charge" or "manager" of the United States Post Office in Lancaster, Pennsylvania. See Doc. 1, § III, A).

[5] Although Gayle asserts that his request for a civil rights complaint form was returned by the "defendant," he has not argued that he has incurred any injury as a result of the mail being

-4-

legal technical grounds, or could not file an appeal or some other document because of the return of his mail by some unidentified individual. Thus, Gayle has failed to plead the requisite injury for a claim of interference with access to the courts. See Lewis supra.

Accordingly, the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). An appropriate order is attached.

_____
WILLIAM W. CALDWELL
United States District Judge

Date: June 14, 2001

---

repeatedly returned to the court. (Doc. 1, ¶ 3). Further, the court notes that Gayle's present complaint was filed on a civil rights complaint form, suggesting that he was not prevented from initiating a nonfrivolous action by the return of his earlier mailing. The court also notes the receipt of two motions (docs. 6 and 7) and several letters (docs. 8 and 9) from the Plaintiff which demonstrate that the alleged misdirection or return of his mail does not appear to be detrimental to his legal claims in this action.

-5-

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DESMOND V. GAYLE, :
:
       Plaintiff :
: CIVIL NO. 1:01-CV-0110
   v. :
: (Judge Caldwell)
UNITED STATES POST OFFICE :
(PERSON) POSTAL SERVICE, :
MANAGER :
:
       Defendant

FILED
HARRISBURG, PA

JUN 1 4 2001

MARY E. D'ANDREA, CLERK
per _____ DEPUTY CLERK

O R D E R

AND NOW, this 14th day of June, 2001, it is ordered that

1.  The complaint is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[1]

2.  The Plaintiff's motion to obtain proof of documents (doc. 6) and motion for appointment of counsel (doc. 7) are dismissed as moot.

3.  The Clerk of Court is directed to close this case.

4.  Any appeal from this order would not be in good faith.

                               /s/ William W. Caldwell
                               WILLIAM W. CALDWELL
                               United States District Judge

---

[1] The dismissal of this action does not relieve Gayle of the obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order, issued January 25, 2001, is binding on the warden of York County Prison and the warden of any correctional facility to which Gayle may be transferred.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

June 14, 2001

Re: 1:01-cv-00110   Gayle v. United States Post O

True and correct copies of the attached were mailed by the clerk to the following:

Desmond V. Gayle
CTY-YORK
York County Prison
55438
3400 Concord Road
York, PA  17402

```
cc:
Judge                         (✓)           (✓) Pro Se Law Clerk
Magistrate Judge              ( )           ( ) INS
U.S. Marshal                  ( )           ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 (✓)
Federal Public Defender       ( )
Summons Issued                ( )   with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5           ( )
Order to Show Cause           ( )   with Petition attached & mailed certified mail
                                    to: US Atty Gen    ( )   PA Atty Gen ( )
                                        DA of County   ( )   Respondents ( )
Bankruptcy Court              ( )
Other_____    ( )
```

MARY E. D'ANDREA, Clerk

DATE: 6-14-01                          BY: /s/
                                       Deputy Clerk